UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

MICHAEL JEAN REPLOGLE,

    Petitioner,

Case No.5:09-Cv-417-Oc-10GRJ
5:08-Cr-13-Oc-10GRJ

UNITED STATES OF AMERICA,

    Respondent.
_____/

## O R D E R

This cause comes on for consideration of Petitioner's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody Title 28 U.S.C. § 2255 (Cv-D-1), the United States' Response in Opposition to the Motion (Cv-D-7), and Petitioner's reply (Cv-D-8).

On January 7, 2008, Petitioner was charged by Indictment with receipt and distribution of child pornography in violation of 18 U.S.C. § 2252A(a)(2)(B) and (b)(1) (Count One), and possession of child pornography in violation of 18 U.S.C. § 2252(A)(a)(5)(B) and (b)(2) (Count Two). Petitioner retained attorney Ronald Fox to represent him. On May 19, 2008, Petitioner entered a plea of guilty pursuant to a written plea agreement to Count One of the Indictment before United States Magistrate Judge Gary R. Jones. By order dated

June 6, 2008, Senior United States District Judge William Terrell Hodges accepted Petitioner's plea and adjudged Petitioner guilty of Count One. The sentencing was scheduled for August 22, 2008.

On August 22, 2008, Petitioner appeared before Judge Hodges for sentencing. An issue arose, however, because Petitioner planned to request self-surrender and the assistant United States attorney standing in planned to object. The sentencing was therefore continued. Thereafter, Judge Hodges became unavailable, and the sentencing was rescheduled to occur in Tampa before the Undersigned. The Court sentenced Petitioner on October 7, 2008, to a term of imprisonment of 135 months. Count Two was dismissed upon motion of the Government. The Court issued the Judgment on October 8, 2009. Petitioner did not file an appeal.

On September 18, 2008, this Court received Petitioner's § 2255 motion, dated September 15, 2009, asserting multiple claims of ineffective assistance of counsel. Specifically, Petitioner alleges that attorney Fox failed to (1) advise him that the conduct providing the basis for Count Two of the Indictment could be considered as relevant conduct for purposes of determining his sentence; (2) ask for a

continuance and to have the sentencing reset in Ocala when the sentencing was moved from Ocala to Tampa; (3) argue similar cases when seeking a five-year minimum mandatory sentence; and (4) file an appeal of Petitioner's sentence despite Petitioner's desire to appeal.

With regard to his claim that attorney Fox was ineffective in failing to file an appeal, Petitioner alleged that he wanted his counsel to file an appeal and that Petitioner purposely did not execute an Acknowledgement and Waiver of Right to Appeal sent to Petitioner by attorney Fox with a letter dated October 8, 2008.

On October 28, 2009, the Government filed its response. The Government also submitted a copy of a letter from attorney Fox to Petitioner dated October 8, 2008, and an Acknowledgement and Waiver of Rights to Appeal. In the letter, attorney Fox advised Petitioner that he waived his right to appeal. Attorney Fox explained that there was no erroneous application of the Sentencing Guidelines and that there was nothing to appeal. Attorney Fox stated, "I honestly don't think it matters whether this document is filed or not, but I am providing it to you because Judge Castagna told me to. Sign and return it in the enclosed envelope if you wish."

3

(Cv-D-7, Exh. A, p.3.)

The Government also submitted a letter dated March 25, 2009, from attorney Fox to Petitioner's wife in response to correspondence from Petitioner and his wife seeking post-conviction relief. Attorney Fox wrote that Petitioner had had 10 days to appeal his sentence and "[t]he Judge made him aware of this at sentencing and I made him aware of his appellate rights in a post-sentencing letter dated October 8, 2008. In the written plea agreement, he waived his right to appeal the sentence." ( Id. at p.4.) Additionally, the Government submitted a letter from attorney Fox to AUSA Tonya Wilson dated October 27, 2009, in which he states that:

> My independent recollection is that we discussed an appeal in the Courthouse immediately after sentencing. I told Mr. Replogle he had waived his right to appeal a sentence within the sentencing range determined to be applicable by the Court. Either shortly before, or shortly after, I sent the Acknowledgement and Waiver to Mr. Replogle, he and I had a telephone discussion about an appeal of the sentence. I again explained the waiver of his right to appeal the sentence as contained in the plea agreement. As I recall his response, he was resigned to the fact, and understood, there was nothing to appeal. He stated in essence, so there is nothing to appeal. I agreed.

(Id. at Exh. A, p. 1.)

By order dated December 17, 2009, the Court found that an evidentiary hearing was necessary with regard to Petitioner's

4

claim of ineffective assistance of counsel in failing to file an appeal. (Cv-D-9.) The Court appointed attorney Anne Borghetti to represent Petitioner. The Court held the evidentiary hearing on January 21, 2010. At the hearing, the Government presented the testimony of attorney Robert Fox. Petitioner testified on his own behalf.

**TESTIMONY PRESENTED AT THE HEARING**

Petitioner testified that he first met attorney Fox in person when Petitioner surrendered to the U.S. Marshal's Service. Petitioner explained that, prior to that, they had spoken on the phone several times. Petitioner testified that he also met with attorney Fox to review the plea agreement and that during that meeting, they made some changes to the plea agreement.

Petitioner stated that he had thought he understood all the terms of the plea agreement, but that he thought he would have received a lesser sentence. Petitioner explained that he was told by attorney Fox and a Pretrial Services Officer that given Judge Hodges' history in sentencing sex offenders and Petitioner's lack of a prior criminal record, the fact that he is a decorated veteran, and his work for the community, he was the perfect candidate for a mandatory minimum five-year

sentence. Petitioner testified that he therefore thought he would get a sentence closer to the mandatory minimum five years.

Petitioner admitted that at his sentencing in Tampa the Court explained his right to appeal and that he had ten days to do so. Petitioner testified that, after leaving the courtroom, Petitioner told attorney Fox he wanted to appeal. According to Petitioner, attorney Fox appeared to be in a hurry and told Petitioner that the Court had sentenced Petitioner within the applicable guideline range and that if he appealed "it would be the same judge and the same sentence" and that "it wouldn't do any good." Petitioner also stated that attorney Fox told him that there was no purpose to appeal because he had waived his right to appeal. According to Petitioner, Petitioner told attorney Fox he still wanted to appeal his sentence.

Petitioner testified that he did not believe that he and attorney Fox discussed an appeal thereafter. Petitioner admitted he received a letter from attorney Fox with a waiver of the right to appeal. Petitioner explained that he did not sign and return the waiver because he thought that his attorney was filing a notice of appeal.

6

Petitioner did not recall having any phone conversation with attorney Fox after the sentencing. Petitioner, however, was adamant in his testimony that he had requested his attorney to appeal his sentence. He stated that he understood he could not appeal the charges, but rather asked attorney Fox to appeal the sentence.

Attorney Ronald Fox testified that he has been practicing almost exclusively criminal defense since 1974. He stated that he "infrequently" has filed notices of appeal and estimated he had done so a maximum of five times in his career. He stated that when he had filed such notices when directed to do so.

Attorney Fox testified that he reviewed the plea agreement with Petitioner paragraph by paragraph and line by line. He stated that he explained the waiver of appeal provision to Petitioner and told him that if the Court sentenced Petitioner between the applicable guideline range, there was no way to have the sentence reviewed or to appeal.

Attorney Fox stated that he sent Petitioner a letter in which he stated that based on Fox's past experience with Judge Hodges and his discussion with the AUSA, Petitioner might receive the mandatory minimum five year sentence. Fox,

however, explained that he told Petitioner that the decision as to the sentence was for the Court to make and that Petitioner could receive a sentence anywhere within the applicable guideline range. Attorney Fox testified that when the Presentence Investigation Report was completed, he was sure he would have reiterated to Petitioner that they were still hopeful for a five-year sentence.

Attorney Fox testified that he could not recall verbatim what Petitioner said to him regarding an appeal. He admitted that he did not know whether Petitioner specifically asked him to appeal. Fox testified that Petitioner could have said either, "can I appeal?" or "I want to appeal," but that in either event, Fox's response was the same. Fox explained that he told Petitioner that the sentence was within the guideline range and there was nothing to appeal. He did not recall whether Petitioner said anything in response. When asked whether he discussed the advantages and disadvantages of appealing with Petitioner, Fox testified, "the only thing I would have conveyed to him and I am not sure I went this much into detail, is if you file an appeal, it will be dismissed because you waived appeal and it will go no where."

Attorney Fox stated he had no idea that Petitioner wanted

to appeal when he left the courthouse. He stated, "I did not understand that that was his request of me." Fox testified that Petitioner might have wanted to appeal if he had something to appeal but that Petitioner seemed to understand and accept he had given up his right to appeal

Attorney Fox explained that, in response to this Court's direction at sentencing, he sent a letter and a written waiver of appeal to Petitioner. Attorney Fox stated that in the letter he said, in essence, "here is the waiver the Judge directed me to send to you, you have nothing to appeal, whether you sign and return it is up to you." Attorney Fox acknowledged he never received the executed written waiver, but stated it really didn't mean anything to him.

Attorney Fox stated he was no more confident than Petitioner as to whether a phone call occurred after sentencing. He testified that he was not certain there was a telephone conversation but if there were, it was about the waiver.

Attorney Fox testified that Petitioner was fully aware that he would receive at least a 5-year sentence. In his opinion, it was the "sentence beyond that which he didn't like." Fox admitted that Petitioner never said "don't

appeal," but Fox testified that had he understood that Petitioner wanted him to file an appeal, he would have done so.

**DISCUSSION**

In Roe v. Flores-Ortega, 528 U.S. 470 (2000), the Supreme Court addressed the factors to be considered in determining whether an attorney's failure to file a notice of appeal constitutes ineffective assistance. First, the Court held that the test set forth in Strickland applies to such cases in which the defendant must show: (1) "that counsel's representation fell below an objective standard of reasonableness, and (2) that counsel's deficient performance prejudiced the defendant." Flores-Ortega, 528 U.S. at 476-77. The Supreme Court explained that a lawyer who disregards his client's specific instructions to file a notice of appeal is per se deficient, and the defendant is entitled to a belated appeal without a showing that the appeal would likely have merit. Id. at 477.

Where a defendant has not clearly conveyed his wishes regarding an appeal one way or another, the court must then determine whether counsel consulted with the defendant about an appeal. Id. at 478. To "consult" means "advising the

defendant about the advantages and disadvantages of taking an appeal, and making a reasonable effort to discover the defendant's wishes." Id. Where an attorney has consulted with the defendant about an appeal, "counsel performs in a professionally unreasonable manner only by failing to follow the defendant's express instructions with respect to an appeal." Id.

Where counsel has not consulted with a defendant about an appeal, the court must then determine whether counsel had a constitutionally imposed duty to consult. The duty to consult regarding an appeal is constitutionally imposed where there is reason to think either (1) "that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." Id. at 480.

After considering the testimony and the other evidence presented, the Court finds that Petitioner requested attorney Fox to file an appeal. In this regard, Petitioner was unequivocal in his testimony that he told attorney Fox he wanted to appeal his sentence. He specifically recalled the rushed conversation occurred outside the elevator banks. He

explained that he did not execute the waiver of appeal attorney Fox sent to him because he in fact desired to appeal.

Attorney Fox, on the other hand, was uncertain and equivocal in his testimony. He candidly admitted he could not recall whether Petitioner stated after the sentencing, "I want to appeal." While attorney Fox testified that he believed that Petitioner accepted Fox's statement that he had nothing to appeal, Fox also admitted that he could not recall whether Petitioner said anything in response. He also was uncertain whether he and Petitioner had a telephone discussed after sentencing the matter on an appeal. Rather, he stated that his memory with regard to such a conversation was no better than Petitioner's, and Petitioner did not recall such a conversation. Furthermore, Fox failed to offer any supporting file notes demonstrating that such a discussion occurred. Because attorney Fox failed to file an appeal after Petitioner asked him to do so, Petitioner is entitled to a belated appeal.

The Court alternatively finds that even if Petitioner failed to clearly convey his wish regarding an appeal, attorney Fox failed to adequately consult with Petitioner regarding an appeal. Petitioner testified that attorney Fox

was in a hurry and that the conversation was very brief. Attorney Fox could not recall either the length of the conversation he had with Petitioner after the sentencing nor could he recall in any detail the content of the exchange. Rather, when asked whether he discussed with Petitioner the advantages and disadvantages of an appeal, attorney Fox candidly stated, "the only thing I would have conveyed to him, and I am not sure I went this much into detail, is if you file an appeal, it will be dismissed because you waived your right to appeal and it will go no where." Attorney Fox did not discuss the appellate process or advise Petitioner that he was obligated to file an appeal if Petitioner requested him to do so.

Moreover, attorney Fox failed to make a reasonable effort to discover Petitioner's wishes. Fox admitted that he did not understand that Petitioner requested him to file an appeal. While the Court at sentencing, in an effort to prevent a post-conviction motion relating to the failure to file an appeal, advised Fox to obtain an executed waiver of appeal from Petitioner (Cr-D-33, p. 16), Fox failed to do so. He simply provided to Petitioner a waiver of the right to appeal, but advised him to, "[s]ign it and return it in the enclosed

13

envelope if you wish." (Cv-D-7, Exh. A, p. 3.) When Petitioner failed to return the form, attorney Fox did not attempt to communicate with him to determine if there was a misunderstanding regarding an appeal.

The Court further finds that attorney Fox had a constitutionally imposed duty to consult with Petitioner because Petitioner "reasonably demonstrated to counsel that he was interested in appealing." It is undisputed that attorney Fox was aware of Petitioner's interest in an appeal of his sentence. Fox testified that he and Petitioner had hoped for a sentence near the five-year minimum mandatory and that Petitioner was unhappy with the imposed sentence of incarceration of 135 months.

Where, as here, an attorney breaches his constitutional duty to consult regarding an appeal, the petitioner must still demonstrate actual prejudice in order to be entitled to relief. Flores-Ortega, 528 U.S. at 481. Specifically, the petitioner must establish, "that there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed." Id. at 484. "Because a direct appeal of a federal conviction is a matter of right ... [a court]

determines whether a defendant has shown there is a reasonable probability that he would have appealed without regard to the putative merits of such an appeal." Thompson v. United States, 504 F.3d 1203, 1207-08 (11th Cir. 2007).

Here, it is undisputed that Petitioner was unhappy with his sentence and felt that is was a disparate sentence compared to the sentence of other sex offenders. Had attorney Fox adequately consulted with Petitioner, there is a reasonable probability Petitioner would have timely appealed. Thus, the Court finds that a belated appeal is warranted.

The Court will utilize the procedure described in United States v. Phillips, 225 F.3d 1198, 1201 (11th Cir. 2000). This procedure does not require the Court to hold a re-sentencing hearing. See United States v. Parrish, 427 F.3d 1345, 1348 (11th Cir. 2005). Finally, as to Petitioner's remaining claims, the Court dismisses them without prejudice to the filing of a § 2255 motion once the Petitioner's conviction becomes final after resolution of his direct appeal. See McIver v. United States, 307 F.3d 1327, 1332 .2 (11th Cir. 2002); accord United States v. Frank, No. 09-11268, 2009 WL 3842755, at *2 (11th Cir. Nov. 18, 2009).

IT IS THEREFORE ORDERED THAT:

1) Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Cv-D-1) is **GRANTED** as to Ground IV. The remaining grounds are **DISMISSED WITHOUT PREJUDICE**.

2) The Clerk shall enter a judgment in the civil case granting in part and dismissing in part the Petition.

3) In Case No. 5:08-cr-13-Oc-10GRJ, the Judgment in a Criminal Case (D-32) as to Michael Jean Replogle is **vacated**.

4) Defendant Michael Jean Replogle is re-sentenced to the same sentence as originally imposed in the Judgment in a Criminal Case (Case No. 5:08-cr-13, D-32), and the Clerk of the Court shall enter a new Judgment in a Criminal Case imposing the same terms as originally imposed.

5) Defendant Michael Jean Replogle is advised that he has a right to appeal from the conviction and sentence in the Judgment in a Criminal Case to be entered pursuant to this Order, and that to do so he must file a Notice of Appeal within **TEN (10) DAYS** of the entry of the Judgment in a Criminal Case. Fed. R.App. P. 4(b)(1)(A)(I).

6) Pursuant to Fed. R.Crim. P. 32(j)(2), the Clerk of the Court is directed to prepare and file a notice of appeal

from the judgment in the criminal case to be entered pursuant to this Order.

7) The Court finds that Defendant is entitled to proceed in forma pauperis and directs the Clerk of the Court to appoint Criminal Justice Act panel attorney Anne Borghetti to represent Defendant on appeal from the criminal judgment in the criminal case.

8) The Clerk shall file a copy of this Opinion and Order in the criminal case file, along with a certified copy of the civil judgment, and close the civil case file.

DONE AND ORDERED at Tampa, Florida this 29th day of January, 2010.

_____
WILLIAM J. CASTAGNA
SENIOR UNITED STATES DISTRICT JUDGE